IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                              CRIMINAL NO. 16-50042

CORY DANIEL RUSHER                                                    DEFENDANT

### **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the undersigned is the Defendant's pro se **Motion Requesting Jail Credit for Days Spent in Federal Custody Upon Arrest and Through Sentencing (Doc. 51).** The undersigned, being well and sufficiently advised, finds and recommends as follows:

On February 17, 2017, a judgment was entered sentencing the Defendant to 78 months imprisonment after he pled guilty to the offense of aiding and abetting in the theft of firearms from a federally licensed firearms dealer. (Doc. 47.) In the motion currently before the Court, Defendant seeks credit toward his sentence for time he asserts he spent in federal custody from his arrest on July 18, 2016, to his sentencing on February 17, 2017. Defendant asserts that his sentencing monitoring data computation sheet reveals that he has not been properly credited for this time in federal custody.

A request for credit for prior custody must be made, in the first instance, through the Bureau of Prisons ("BOP"). Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time a Defendant has served. Once the Defendant has exhausted his administrative remedies, he may then seek judicial review of any jail-time credit determination by the BOP by filing a habeas petition under 28 U.S.C. § 2241 in either the district where he is confined (the Western District of Oklahoma), in the United States District Court for

the District of Columbia, or in any district in which the BOP maintains a regional office.. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

Accordingly, the undersigned recommends denying Defendant's Motion (Doc. 51).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 26th day of February, 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
CHIEF UNITED STATES MAGISTRATE JUDGE